Plaintiff's witnesses not attending, he was willing the cause should be put off until next week. The defendants' counsel agreed that plaintiff's counsel might put off his cause. But the Court doubted if the practice here were as in England (where plaintiff carries down the *venire facias* and record and at *nisi prius* pockets [it], the defendant may have a proviso rule against next term, and, if (provided) plaintiff does not try, the defendant may urge it on upon his own) but inclined (*vide* Dallas) that plaintiff here could not put off his trial *ex mero arbitrio*, 1 H. Bl. 637. An affidavit was then drawn up to prevent irregularity and offered to the Court to see if it would answer, but was objected, and the Court would have refused, for they said they would not instruct counsel. The Court would not however order said cause for trial the next week, and said, although all the term is but one day, yet wherever a party is disappointed of trial, they would not compel him again to prepare for trial at the same term, although the practice of the Supreme Court had been so.

Afterwards the Court refused to grant an attachment against his witnesses returnable to next term, and CHIEF JUSTICE READ said he would not grant an attachment against witnesses for nonattendance hereafter, unless affidavit be made by the person serving the subpœna that he paid or tendered the money allowed in the fee bill for one day's attendance, and referred to the practice in England in Strange's Reports.

## THOMAS RODNEY v. JOHN JONES.

Supreme Court. April, 1793.

*Read's Notebook, 5.*

* This case is also reported in *Wilson's Red Book, 7.*

Verdict for plaintiff for £[——].[1]

NOTE. Reasons in arrest of judgment, *post* [*hoc*].

TRAIN, Administratrix of Train, v. GEORGE CONWELL, FISH-
ER CONWELL and ELIAS, Executors of Elias Conwell.

Supreme Court.   November, 1793.

*Read's Notebook, 7.**

---

[1] Blank in manuscript.

* This case is also reported in *Bayard's Notebook, 4; Wilson's Red Book,
8; Miller's Notebook, 46.*